UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BENNIE AUSTIN MACK, JR., | ) | Case No. 07-80496 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOHN A. NORTHEN, | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| vs. | ) | 07-9024 |
| | ) | |
| BENNIE AUSTIN MACK, JR., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This adversary proceeding came on before the Court for trial on April 27, 2009 after due and proper notice. Stephanie Osborne-Rodgers appeared on behalf of the plaintiff, John A. Northen, Trustee (the "Trustee"). The defendant, Bennie Austin Mack, Jr. (the "Debtor"), is not represented by counsel in this proceeding and did not appear. After considering the evidence on record and the arguments of counsel, this Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core

1

proceeding under 28 U.S.C. § 157(b)(2)(I) which this Court may hear and determine.

## FINDING OF FACTS

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 2, 2007 (the "Petition Date"). At the time, the Debtor was incarcerated and awaiting trial on multiple charges of obtaining property by false pretenses. On his Petition, the Debtor listed real property with a value of $550,000.00 and personal property with a value of $7,700.00. On Schedule D, the Debtor listed one creditor with a secured claim, a mortgage with HSBC Bank in the amount of $600,000.00. On Schedule E, the Debtor indicated that he had no unsecured priority creditors, and on Schedule F the Debtor listed a judgment lien in the amount of $162,490.01. The Debtor listed no income, but he listed expenses in the amount of $8,550.00. The Debtor disclosed no lawsuits or pending judicial actions on his statement of financial affairs. On June 26, 2007, the Debtor filed an amendment to his schedules (the "First Amendment"), adding two creditors: (1) Loo Ng, and (2) Tracy Richards and Zena Richards. The Debtor did not specify the amount or type of claim each creditor held.

On August 31, 2007, the Trustee filed a complaint (the "Complaint") objecting to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A).[1] Specifically, the Complaint alleges that the Debtor failed to list multiple creditors, bank accounts, assets, and criminal restitution judgments on the Petition. The Debtor filed an answer on September 26, 2007 (the "Answer"). In the Answer, the Debtor alleges that when he filed the Petition, he listed all creditors to which he is personally liable and that debts that are "speculative in nature or even the possible

---

[1] Initially the Complaint also sought denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(11), but this issue was disposed of before trial.

consequences of future events do not exist as an obligation of the Debtor." On February 12, 2008, the Debtor filed a motion for summary judgment. The Trustee's response to that motion included documentation of information that the Debtor failed to list on his Petition, including numerous judgments and tax liens. The Court denied summary judgment on April 15, 2008.

On May 20, 2008, more than one year after the Petition Date, the Debtor filed an additional amendment to his schedules (the "Second Amendment") in which he listed nine additional creditors with claims and fourteen creditors with claims that he disputed. In the Second Amendment, the Debtor asserted that since he was incarcerated and unable to perform a search for creditors, he had been unaware of the debts that the Trustee included in his response to the Debtor's summary judgment motion.

At trial, the Trustee presented evidence that in and around the year 2005, the Debtor operated a fraudulent financial investment scheme in the name of "MCM Property Acquisitions."[2] Pursuant to this scheme, the Debtor held himself out as a real estate investor who purchased foreclosed properties and sold the properties for profit. He recruited various individuals who invested funds ranging from $10,000.00 to $100,000.00; however, the Debtor did not actually purchase properties nor did he return the funds to the so-called investors. Rather, the Debtor used the funds on personal living expenses and necessary business expenses to perpetuate the scheme. The Trustee has been unable to locate any remaining investment funds or related assets. There is no evidence of any legitimate, non-scheme related income

---

[2]Agent Kevin Sneed ("Sneed") of the North Carolina State Bureau of Investigation testified at the trial. Sneed works in the financial crimes division in Raleigh, North Carolina. He began investigating the Debtor in 2005 while the Debtor was on probation for prior charges relating to a previous fraudulent scheme. Sneed served as a witness at the Debtor's most recent criminal trial.

earned by the Debtor during this time period.

The Trustee introduced into evidence certified copies of numerous judgments and liens against the Debtor between the time period of November 1998 through September 2006, none of which were listed on the Debtor's Petition, including:

- a judgment in the amount of $813.59 in favor of University Ford, Inc. dated November 23, 1998
- an IRS tax lien in the amount of $4,389.26 dated August 14, 2001
- an IRS tax lien in the amount of $30,209.51 dated August 14, 2001
- a judgment in the amount of $1,577.09 in favor of Womack Publishing Co. Inc. dated November 27, 2001
- a judgment in the amount of $825.00 in favor of Brian Merritt dated November 26, 2002
- a judgment in the amount of $965.00 in favor of Hampton Inn dated November 4, 2003
- a judgment in the amount of $76,000 in favor of Peggy Ann Darden dated March 10, 2004
- a judgment in the amount of $1,978.85 in favor of Rolando Riggsbee dated September 14, 2004
- a judgment in the amount of $175,260.77 in favor of Loo Ng dated June 22, 2006

The Trustee also introduced into evidence a certified listing of the Debtor's numerous unpaid criminal restitution judgments. None of these debts were listed on the Debtor's original schedules.

Furthermore, the Trustee provided the Court with an Affidavit of Bank of a America. The affidavit indicates that the Debtor had two Bank of America accounts: one in the name of MCM Property Acquisitions DBA Bennie A Mack Jr. and the other in the name of B Austin Mack Jr. DBA MCM Property Acquisition. The affidavit notes that both accounts were closed, indicating "Charge off Bank closed Unsatisfactory." Attached to the affidavit is the October 2006 statement for the "B Austin Mack Jr. DBA MCM Property Acquisitions" account showing that the account was force closed on October 11, 2006. This account was not listed on the Debtor's statement of financial affairs, which requires disclosure of all financial accounts held in the name of the debtor or for the benefit of the debtor closed within one year preceding the

commencement of a case

The Debtor has been incarcerated since prior to the Petition Date. Since that time, the Debtor has been convicted in federal court on multiple criminal charges.

## DISCUSSION

Section 727(a)(4)(A) of the Bankruptcy Code provides that the court shall grant the debtor a discharge under Chapter 7, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account. 11. U.S.C. § 727(a)(4)(A). The purpose of § 727(a)(4)(A) is to ensure that a debtor provides complete and accurate information to the bankruptcy court and those with an interest in the administration of the debtor's estate. *In re Slattery*, 333 B.R. 340, 344 (Bankr. D. Md. 2005). *See also In re Pratt*, 411 F.3d 561, 566 (5th Cir. 2005) (stating that full disclosure is essential "because the schedules 'serve the important purpose of insuring that adequate information is available for the Trustee and creditors without need for investigation to determine whether the information provided is true.'"). The elements of § 727(a)(4)(A), are as follows: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *In re Keeney*, 227 F.3d 679, 685 (6th Cir. 2000); *In re Reader*, 399 B.R. 432, 441-42 (Bankr. N.D. W.Va. 2009). The burden of establishing that the discharge should be denied pursuant to § 727(a)(4)(A) is on the objecting party. *Farouki v. Emirates Bank Intern., Ltd.*, 14 F.3d 244, 249 (4th Cir. 1994); Fed. R. Bankr. P. 4005. The objector must meet this burden by proving its case by a preponderance of the evidence. *Farouki*, 14 F.3d at 249. The burden then shifts to the debtor to offer credible evidence in response. *In re Duncan*, 562 F.3d 688, 696 (5th Cir. 2009)

5

(stating that "[i]f the plaintiff establishes a prima facie case, then the burden shifts to the debtor to present evidence that he is innocent of the charged offense.").

The Court concludes that the Debtor must be denied a discharge under § 727(a)(4)(A). The first, second, and fifth elements of the Trustee's § 727 claim are easily satisfied. The Debtor filed a statement under oath: his bankruptcy petition. A bankruptcy petition, schedules, and statement of financial affairs are signed by a debtor on penalty of perjury. *See* Fed. R. Bankr. P. 1008. The Debtor signed both the Petition and statement of financial affairs. On the Petition, the Debtor indicated that he had only two creditors, a statement which was a patently false. The Debtor's statement of financial affairs also contained false information. These false statements, including but not limiting to, the omission of creditors and a bank of account, were materially related to the bankruptcy case. *See In re Burns*, 395 B.R. 756, 767 (Bankr. M.D. Fla. 2008) (stating that a "false oath or claim is material if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence or disposition of his property") (internal citations omitted).

The court further finds that the third element of the Trustee's claim has been established. The debtor knew that statements he made under oath were false. The Debtor listed only two creditors despite that fact that he had multiple judgments against him and was in the midst of criminal charges relating to defrauding numerous investors. The numerous judgments and the pending federal case are evidence that the Debtor had knowledge of creditors that he did not list on the Petition. The Debtor's claim that he was not aware of certain debts because he was incarcerated is disingenuous. Many of the debts that the Debtor failed to list originate from lawsuits and the ensuing judgments which were entered prior to the Debtor's incarceration.

Furthermore, in the Answer, the Debtor admitted that he did not list debts that were "speculative in nature" or "possible consequences of future events" because those debts did "not exist as an obligation of the Debtor." *Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006) (showing the meaning of valuable legal claims as "'contingent and unliquidated claims of every nature,' the schedule calls them, leaving no room for quibbles"). The petition clearly and unequivocally indicates that contingent and disputed claims must be listed, yet the Debtor chose not to do so.

The court notes that Debtor did amend his schedules twice; however, "voluntary disclosure through testimony or an amendment to the schedules or statement of financial affairs does not expunge the falsity of the prior oath." *In re Fink*, 351 B.R. 511, 526-27 (Bankr. N.D. Ill. 2006). Nevertheless, under some circumstances amendments may be evidence of a lack of intent behind the false statement. *Id.* at 527. *See also In re Brown*, 108 F.3d 1290, 1295 (10th Cir. 1997) (showing that a court's reliance on the "failure to amend" and "pattern of non-disclosures" is not justified when the record showed the Debtor rectified the omission early in the process and on his own accord). Here, the Debtor's First Amendment disclosed incomplete information. The Debtor's Second Amendment was filed almost a year after the Petition Date and only after the Trustee responded to the Debtor's motion for summary judgment with documentation of information that the Debtor failed to list on his Petition. The court finds that the Debtor's amendments were inadequate to cure the false oath, being neither complete nor timely, and served as a half-hearted attempt to satisfy the Court. *See Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991) (finding omissions to be deliberate when the debtor amended the schedules after becoming aware that another party had revealed the omissions, the amendments undervalued those items, and the debtor wore the watch, which was the omitted the item).

Lastly, the Court finds that the Debtor made the false oath with fraudulent intent. Fraudulent intent may be established by circumstantial evidence or inferred from a course of conduct. *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 252 (4th Cir. 1987). While an inadvertent mistake is not cause for the denial of a discharge, a pattern of omissions and inaccuracies on a debtor's sworn schedules indicates a reckless disregard for the truth which is evidence of fraudulent intent. *In re Slattery,* 333 B.R. at 346 (omissions of real property on schedules evidences at minimum a reckless disregard for the truth equivalent to fraud); *In re Hooper,* 274 B.R. 210, 219 (Bankr. D. S.C. 2001) (finding that numerous inaccuracies on schedules and statement of financial affairs displayed a reckless disregard for the truth); *In re Hatton*, 204 B.R. 477, 484 (Bankr. E.D. Va. 1997) (holding that the failure to list on petition various insider transactions and expenditures constituted a pattern of concealment and nondisclosure from which fraudulent intent could be inferred).

Here, the pattern of nondisclosure and the untimely and incomplete amendments evidence a reckless indifference for the truth that supports a finding of fraudulent intent. The Debtor's omissions on his schedules and statements were not due to inadvertence or a lack of understanding; instead, the omissions were contrary to the Debtor's own knowledge and information. The Debtor did not simply make one or two mistakes on his petition, rather, the Debtor disclosed less information on his petition than he omitted. Moreover, with the federal charges looming during the Debtor's case, it is clear that the Debtor held a reckless disregard for the truth, as the Debtor did not disclose any of the creditors that were involved in the federal case or any previous judgments against him.

After careful consideration of the facts and circumstances of this case, the Court finds

8

that the Debtor made a false statement under oath with fraudulent intent when he filed the Petition. Therefore, the Court concludes that, pursuant to § 727(a)(4)(A), the Debtor's discharge must denied.

    IT IS SO ORDERED.

PARTIES TO BE SERVED

07-9024
JOHN A. NORTHEN, TRUSTEE VS BENNIE AUSTIN MACK, JR.

Bennie A. Mack, Jr.
c/o Alamance County Jail
109 S. Maple St.
Graham, NC 27253

Bennie A. Mack, Jr.
1004-G Bitting St.
Greensboro, NC 27403

Bennie A. Mack, Jr.
12 Court St.
Hillsborough, NC 27278-2510

Bennie A. Mack, Jr.
201 North Church St.
Winston-Salem, NC 27101-4044

Bennie A. Mack, Jr.
FCI Petersburg Low
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804-1000

Michael D. West
P.O. Box 1828
Greensboro, NC 27402

Stephanie Osborne-Rodgers
P.O. Box 2208
Chapel Hill, NC 27515

John A. Northen
P.O. Box 2208
Chapel Hill, NC 27515